UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA MORRIS,

    Plaintiff,

v.

    Civil Case No. 18-12847
    Honorable Linda V. Parker

MICHIGAN AUTOMOTIVE
COMPRESSOR, INC. and ANCHOR
STAFFING, INC.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ANCHOR STAFFING, INC.'S MOTION TO DISMISS

Plaintiff initiated this lawsuit on September 12, 2018, alleging that Defendants engaged in unlawful discrimination, harassment, and retaliation in violation of federal and Michigan law. Plaintiff filed an Amended Complaint on November 20, 2018. (ECF No. 14.) In that pleading, Plaintiff asserts two counts against Defendants Michigan Automotive Compressor, Inc. ("MACI") and Anchor Staffing, Inc. ("Anchor"): (I) sex harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); and (II) retaliation in violation of Title VII and ELCRA. The matter is presently before the Court on Anchor's motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on

1

November 28, 2018. (ECF No. 15.) The motion has been fully briefed. (ECF Nos. 16, 17.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument with respect to Anchor's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.     Anchor's Arguments & Subject Matter Jurisdiction**

Anchor first argues in its motion to dismiss that subject matter jurisdiction is lacking over Plaintiff's action against it because Plaintiff failed to file a charge of discrimination against Anchor with the Equal Employment Opportunity Commission ("EEOC"). Alternatively, Anchor argues that Plaintiff fails to plead sufficient facts to assert her claims against it.

On June 3, 2019, the United States Supreme Court issued a decision addressing whether Title VII's charge-filing precondition to filing suit is "jurisdictional."[1] *Fort Bend Cty., Texas v. Davis*, -- S. Ct. --, 2019 WL 2331306 (June 3, 2019). The Court held that it is not. *Id.* at *2. Accordingly, Plaintiff's failure to file an EEOC charge against Anchor prior to initiating this lawsuit is not determinative of whether there is federal subject matter jurisdiction.[2] The Court

---

[1] The Sixth Circuit Court of Appeals had previously concluded that the administrative exhaustion requirement in Title VII is not a jurisdictional requirement. *Adamov v. U.S. Bank Nat'l Ass'n*, 726 F.3d 851, 856 (2013).
[2] In any event, Plaintiff did file an EEOC charge against MACI and received a right-to-sue letter arising from that administrative proceeding prior to filing this lawsuit. (*See* Am. Compl. ¶¶ 30-33, ECF No. 14 at Pg ID 81-82.) The Court (Cont'd …)

2

therefore will not evaluate Anchor's motion to dismiss under Rule 12(b)(1)'s standard.

The Court will, however, consider Anchor's motion to dismiss pursuant to Rule 12(b)(6) and decide whether Plaintiff fails to state a viable Title VII claim against this defendant because she filed her EEOC charge against it after she initiated this lawsuit and more than three hundred days after she was terminated. The Court also will consider whether Plaintiff states any viable claim(s) against Anchor in her Amended Complaint.

## II. Applicable Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Under this notice pleading standard, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

---

therefore has original jurisdiction over this lawsuit under 28 U.S.C. § 1331 based on Plaintiff's Title VII claim against MACI. The Court has supplemental jurisdiction over Plaintiff's state law claims against both defendants under 28 U.S.C. § 1367(a).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

### III. Applicable Law and Analysis

#### A. Title VII

Plaintiff appears to be asserting Title VII harassment, discrimination, and

retaliation claims against Anchor.³ Plaintiff attaches to her response brief the EEOC charge she filed against Anchor on November 8, 2018, alleging sex discrimination and retaliation. (Pl.'s Resp. Ex. A, ECF No. 16-2 at Pg ID 134.) According to Plaintiff's EEOC charge and Amended Complaint, she suffered discrimination from November 21, 2017 to January 2, 2018, the latter being the date she was terminated. (*Id.*; *see also* Am. Compl. ¶¶ 12-23, ECF No. 14 at Pg ID 80-81.)

The exhaustion of administrative remedies is a condition precedent to filing a Title VII action. *Zipes v. TWA*, 455 U.S. 385, 392-98 (1982). To exhaust administrative remedies, a plaintiff must file an EEOC charge "within 180 days 'after the alleged unlawful employment practice occur[s].'" *Fort Bend Cty.*, 2019 WL 2331306, at *2 (brackets in original) (quoting 42 U.S.C. § 2000e-5(b), (e)(1)). A plaintiff initiating proceedings in a State or political subdivision with a fair employment agency of its own has 300 days to file an EEOC charge. *Id*. (citing 42 U.S.C. § 2000e-5(e)). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *Id*. at *3 (citing 42 U.S.C. § 200e-5(f)(1)). The failure to adhere to Title VII's time limits is an appropriate

---

³ Plaintiff's counsel stated in an email to Anchor's counsel that "Plaintiff never filed Title VII allegations against Anchor only MACI." (*See* Anchor's Mot. Ex. 1, ECF No. 15-1 at Pg ID 110.) Nevertheless, it appears from Plaintiff's response to Anchor's motion that she in fact is asserting Title VII claims against it. (*See* Pl.'s Resp. Br. at iv, ECF No. 16 at Pg ID 120; *see also* Am. Compl. ¶¶ 39, 41, 50.)

basis for dismissal of a plaintiff's claims under the statute. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Berger v. Medina Cty. Ohio Bd. of Cty. Comm'rs*, 295 F. App'x 42, 44 (6th Cir. 2008); *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002).

Plaintiff filed her EEOC charge against Anchor on November 8, 2018, more than 300 days following her January 2, 2018 termination. She does not allege any unlawful conduct after January 2 and is barred from suing under Title VII for acts occurring on or before that date. *See EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 46 (6th Cir. 1994); *Tartt v. City of Clarksville*, 194 F. App'x 456, 460 (6th Cir. 2005). The Court, therefore, is dismissing Plaintiff's Title VII claims against Anchor, only.

### B. ELCRA

Unlike Title VII, a plaintiff need not exhaust his or her administrative remedies before bringing a suit for unlawful discrimination under Michigan's ELCRA. *Rogers v. Bd. of Educ. of the Buena Vista Sch.*, 2 F.3d 163, 168 (6th Cir. 1993) (citations omitted). Anchor nevertheless argues that Plaintiff fails to plead facts in her Amended Complaint sufficient to state viable claims against it under the statute. According to Anchor, Plaintiff alleges only that she was sexually assaulted by a MACI employee, complained to MACI, and that MACI did not sufficiently address her complaints and retaliated against her in response. Anchor

6

asserts that it is simply a staffing agency that assigned Plaintiff to work at MACI and that Plaintiff does not allege specific unlawful conduct by Anchor or its employees. The Court finds that Plaintiff pleads more and that her factual allegations are sufficient to survive Anchor's Rule 12(b)(6) motion.[4]

For example, Plaintiff alleges in her Second Amended Complaint that she notified *Anchor* after being sexually harassed by her co-worker and was told by *Anchor* "not to return to work as long as the co-worker was working in the same area as Plaintiff." (Am. Compl. ¶ 19, ECF No. 14 at Pg ID 80.) According to Plaintiff, this constituted an essential suspension for reporting sexual assault because she was off work, without pay, from November 21, 2017 until November 28, 2018. (*Id.* ¶ 20.) Admittedly, Plaintiff fails to specify whether MACI and/or Anchor made the decision to transfer her to different departments. However, she does specifically allege that she was terminated from her employment with Anchor—as well as MACI—in retaliation for her complaints about the sexual misconduct of her co-worker. (*Id.* ¶ 23.)

Anchor cites several cases in which district judges held that the plaintiffs failed to plead viable discrimination claims against the staffing agencies that placed the plaintiffs in the positions where they claimed the discriminatory conduct

---

[4] The Court is not evaluating whether Plaintiff has failed to plead the specific elements of her claims as Anchor has not done so.

7

occurred: *Payton v. Aerotek, Inc.*, No. 15-12222, 2017 WL 1164522, *4 (E.D. Mich. Mar. 29, 2017) (unpublished); *Bond v. Sodecia N.A., Inc.*, No. 12-cv-15160, 2014 WL 2864895, *12 (E.D. Mich. June 24, 2014) (unpublished); *Haddad v. Adecco, USA*, No. 5:04-cv-220, 2005 WL 3556060, at *3 (W.D. Mich. Dec. 29, 2005) (unpublished). All three decisions resolve summary judgment motions, however. As such, evidence had been developed and presented to establish such issues as the duties of the staffing agencies and the entities at which the plaintiffs had been placed to work and the positions of the individuals who engaged in the alleged unlawful conduct. Further, matters outside the allegations in the plaintiffs' complaints could be considered when deciding the staffing agencies' liability.

Here, the Court's review is restricted to the allegations in Plaintiff's amended pleading. *See, e.g., Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Further, the Court must accept those allegations as true. *Erickson*, 551 U.S. at 94. As indicated, Plaintiff asserts that *Anchor* was aware of her co-worker's sexual assault and thereafter took adverse actions against her. These allegations are sufficient for Plaintiff to survive Anchor's argument for why she fails to plead plausible ELCRA discrimination and retaliation claims against it.[5]

---

[5] Because Anchor does not challenge whether Plaintiff's factual allegations support the specific elements of her claims, the Court's decision does not speak to whether (Cont'd …)

8

Accordingly,

**IT IS ORDERED** that Defendant Anchor Staffing, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART** in that Plaintiff's Title VII claims against Anchor Staffing, only, are **DISMISSED WITH PREJUDICE**.

                                                      s/ Linda V. Parker
                                                      LINDA V. PARKER
                                                      U.S. DISTRICT JUDGE

Dated: June 21, 2019

---

those elements in fact are satisfied. It is not the Court's "role to fashion new law without the benefits of the adversarial system, in which the parties evaluate the strengths and weaknesses of each other's arguments." *United States v. Bradley*, 917 F.3d 493, 511 (6th Cir. 2019) (citation omitted); *Brenay v. Schartow*, 709 F. App'x 331, 336 (6th Cir. 2017) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (additional citation omitted)) ("It is not enough for a party to 'mention a possible argument in the most skeletal way' and leave the court to 'put flesh on its bones.'").