UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA MORRIS,

    Plaintiff,

v.

                              Civil Case No. 18-12847
                              Honorable Linda V. Parker

MICHIGAN AUTOMOTIVE
COMPRESSOR, INC. and ANCHOR
STAFFING, INC.,

    Defendants.
_____/

## **OPINION AND ORDER DENYING DEFENDANT MICHIGAN AUTOMOTIVE COMPRESSOR, INC.'S MOTION TO DISMISS**

Plaintiff initiated this lawsuit on September 12, 2018, alleging that Defendants engaged in unlawful discrimination, harassment, and retaliation in violation of federal and Michigan law. Plaintiff filed an Amended Complaint on November 20, 2018. (ECF No. 14.) In that pleading, Plaintiff asserts two counts against Defendants Michigan Automotive Compressor, Inc. ("MACI") and Anchor Staffing, Inc. ("Anchor"): (I) sex harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); and (II) retaliation in violation of Title VII and ELCRA. The matter is presently before the Court on MACI's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 11,

2019. (ECF No. 18.) The motion has been fully briefed. (ECF Nos. 20, 21.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument with respect to MACI's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I. Applicable Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Under this notice pleading standard, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims

contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

MACI attaches three exhibits to its motion to dismiss: (1) Anchor's Temporary Staffing Contract pursuant to which it provides services of temporary employees to companies, such as MACI; (2) pages from Anchor's website; and (3) additional pages from Anchor's website. None of these fall within the category of materials a court may consider on a Rule 12(b)(6) motion without converting the motion to one for summary judgment. The Court therefore declines to consider them in deciding MACI's motion. Further, MACI makes several factual assertions within its brief in support of its motion that the Court will not consider, as they go beyond the factual allegations in Plaintiff's Amended Complaint. (*See, e.g.*, MACI's Br. in Supp. of Mot. at 3 ("MACI exercised no control over Anchor Staffing's employees with regard to hiring, discipline, compensation or termination decisions.")).

## II. Factual and Procedural Background

Anchor is an employee leasing company, with offices in Parma, Michigan. (Am. Compl. ¶ 8.) Anchor's Parma office is located within MACI's principal place of business. (*Id*. ¶ 9.) Plaintiff began her employment with Anchor on or about October 17, 2017, and was assigned to work at MACI as a "lead wire" and

then in the dye cast area. (*Id.* ¶ 10.) According to Plaintiff, Anchor and MACI were her "co/dual-employers." (*Id.* ¶ 11.)

On or about November 2017, Plaintiff was told by supervisor Mark Ward of MACI that he was going to hire her directly as an employee of MACI, only. (*Id.* ¶ 12.) Shortly thereafter, on November 21, 2017, a co-worker sexually assaulted Plaintiff. (*Id.* ¶ 13.) The co-worker approached Plaintiff from behind, pushed her against a plexi-glass wall, rubbed his body against hers including his pelvic area, and whispered in Plaintiff's ear. (*Id.*) Plaintiff pushed the co-worker off, turned around, and warned him to never do that again. (*Id.* ¶ 14.)

Following the sexual assault, Plaintiff went on a break to collect her composure. (*Id.* ¶ 15.) When Plaintiff returned to work, the same co-worker sexually assaulted her again. (*Id.*) Plaintiff immediately went to "Cristy" to complain about her co-worker's conduct. (*Id.* ¶ 16.) Cristy told Plaintiff that she needed to speak with Mark Ward about her allegations. (*Id.* ¶ 17.)

Plaintiff then advised Ward of the initial and subsequent assaults. (*Id.* ¶ 18.) Ward took Plaintiff's statement and then told her to go home. (*Id.*) On the way home, Plaintiff complained to Anchor that she was being sexually harassed by a co-worker and Anchor instructed her to not return to work as long as the co-worker was working in the same area as Plaintiff. (*Id.* ¶ 19.) Following the instructions of

MACI and Anchor, "her dual employers[,]" Plaintiff remained home without pay from November 21, 2017 until November 28, 2017. (*Id.* ¶ 20.)

When Plaintiff returned to work, she was moved from the department where Ward said he was going to hire her as a direct employee to another department, HUBA, where direct employment was not available. (*Id.* ¶ 22.) On January 2, 2018, Plaintiff's employment with MACI and Anchor were terminated. (*Id.* ¶ 23.)

A week later, Plaintiff went to the Equal Employment Opportunity Commission ("EEOC") and reported the sex harassment/discrimination and retaliation by Defendants. (*Id.* ¶ 30.) The EEOC initially advised Plaintiff that her Charge of Discrimination should be against MACI, only. (*Id.* ¶ 31.) She was later allowed to file a Charge of Discrimination against Anchor. (*Id.*) The EEOC issued Right to Sue letters against MACI and Anchor on August 31 and November 8, 2018, respectively. (*Id.* ¶¶ 33, 34.). Plaintiff filed the instant lawsuit on September 12, 2018.

III. **Applicable Law and Analysis**

MACI seeks dismissal of Plaintiff's claims against it, arguing that it was not her employer. Generally, a defendant may be held liable under Title VII and the ELCRA only if the defendant was the plaintiff's employer. *See* 42 U.S.C. § 2000e-2(a) (Title VII); *Morris v. Oldham Cty. Fiscal Ct.*, 201 F.3d 784, 795 (6th Cir. 2000) (noting that "Congress chose to limit Title VII liability to employers

6

only"); Mich. Comp. Laws § 37.2202(1) (ELCRA). A defendant that does not directly employ a plaintiff may still be held liable under various theories, one being the "joint employer" doctrine.[1] *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997). With respect to this doctrine, the Sixth Circuit Court of Appeals has observed:

> The basis of the joint employer finding is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer. Thus, the "joint employer" concept recognizes that the business entities involved are in fact separate but that they share or co-determine those matters governing the essential terms and conditions of employment.

---

[1] In *Swallows*, the Sixth Circuit identified three doctrines by which a defendant that does not directly employ a plaintiff may still be considered an "employer":

> In one approach, courts examine whether two entities are so interrelated that they may be considered a "single employer" or an "integrated enterprise." *See, e.g., York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360 (6th Cir. 1982). In another approach, courts consider whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a "joint employer" of those employees. *See, e.g., Carrier Corp. v. NLRB*, 768 F.2d 778 (6th Cir. 1985); *Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico*, 929 F.2d 814 (1st Cir. 1991). A third approach examines whether the person or entity that took the allegedly illegal employment action was acting as the agent of another company, which may then be held liable as the plaintiffs' employer. *See, e.g., Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117 (5th Cir. 1993); *Fike v. Gold Kist, Inc.*, 514 F. Supp. 722 (N.D. Ala.), aff'd, 664 F.2d 295 (11th Cir. 1981).

*Swallows*, 128 F.3d at 993 (footnote omitted).

*Id.* at 993 n.4 (quoting *NLRB v. Browning-Ferris Indus. of Penn., Inc.*, 691 F.2d 1117, 1123 (3d Cir. 1982)) (brackets omitted); *see also Carrier Corp. v. NLRB*, 768 F.2d 778, 781 (6th Cir. 1985) (quoting *Browning-Ferris*, 691 F.2d at 1124).

"One entity is the joint employer of another entity's formal employees, and thus liable under federal and state anti-discrimination laws, if the two 'share or co-determine those matters governing essential terms and conditions of employment.'" *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 492 (6th Cir. 2011) (unpublished) (quoting *Carrier*, 768 F.2d 778, 781 (6th Cir. 1985) (internal quotation marks omitted)). "The major factors in this determination are the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Id.* (citing *Sanford v. Main St. Baptist Church Manor, Inc.*, 327 F. App'x 587, 595 (6th Cir. 2009) (unpublished)). Whether two separate entities are joint employers is a factual question. *See W.W. Grainger, Inc. v. NLRB*, 860 F.2d 244, 247 (7th Cir. 1988) (citing *Boire v. Greyhound Corp.*, 376 U.S. 473 (1964); *Browning-Ferris*, 691 F.2d at 1121-23). Plaintiff pleads sufficient facts in her Amended Complaint to plausibly claim that MACI and Anchor are joint employers.

The Court notes as an initial matter that several of the cases cited by MACI in support of its assertion that it was not Plaintiff's joint-employer resolved summary judgment motions. *See Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d

8

487 (7th Cir. 1996)²; *Sanford v. Main St. Baptist Church Manor, Inc.*, No. 06-187, 2010 WL 1049938 (E.D. Ky. Mar. 19, 2010) (unpublished); *Schivelbein v. HCF Mgmt., Inc.*, No. 3:14cv1449, 2015 WL 7430085 (N.D. Ohio Nov. 18, 2015) (unpublished). As such, they are not useful when evaluating Plaintiff's claim under the standard applicable to a motion to dismiss. The cases MACI cites which were decided under Rule 12(b)(6)'s standard are distinguishable.

In *Shoemaker v. Conagra Foods, Inc.*, No. 2:14-cv-153, 2015 WL 418271 (E.D. Tenn. Feb. 2, 2015) (unpublished), the court granted a motion to dismiss filed by one defendant, Liberty Life Assurance Company of Boston ("Liberty Life"). Liberty Life discharged the plaintiff's employer's statutory duties and obligations under the Family and Medical Leave Act. *Id*. at *1. In other words, it was a third-party benefits administrator for the plaintiff's employer. *Id*. Noting that the plaintiff neither alleged that she was "employed by" Liberty Life, nor that she performed any work for Liberty Life, the district court concluded that it was not a proper defendant under the FMLA. *Id*. at 4.

In *Higgins v. Vitran Express Inc.*, No. 1:09cv228, 2009 WL 3873662 (S.D. Ohio Nov. 18, 2009) (unpublished), the court granted a motion to dismiss filed by a defendant-corporation which the plaintiff identified in his complaint as a

---

² Moreover, *Alexander* addressed whether the plaintiff was an employee or an independent contractor. 101 F.3d at 492-93. The case did not involve joint employers.

9

"customer" of his employer. *Id.* at 1. The plaintiff "alleged no specific facts showing that he was employed by or had a contract for employment with [this defendant.]" *Id.* at 2. He "failed to plead any facts showing the existence of an employer-employee relationship between himself and [this defendant] to support his Title VII claim." *Id.*

Similarly, the district court in *Sutton v. Community Health Systems, Inc.*, No. 1:16-cv-01318, 2017 WL 3611757 (W.D. Tenn. Aug. 22, 2017) (unpublished), granted the motion to dismiss filed by one defendant because "the complaint contain[ed] zero specific allegations regarding [it]." *Id.* at 6. Notably, in the same decision, the court denied the motions to dismiss filed by two other entities which the plaintiff claimed were joint-employers. *Id.* at 5-6. The court reached that decision finding that the plaintiff alleged facts that had "inferential relevance to several factors of the joint employment analysis." *Id.* at 6.

Plaintiff alleges that Anchor and MACI were her joint or dual employers. It can be reasonably inferred from the facts alleged in Plaintiff's Amended Complaint that MACI exercised the authority to fire and discipline plaintiff and supervised her work. Plaintiff alleges that she was told to report her co-worker's sexual assaults to her supervisor, "Mark Ward of MACI." She further alleges that Ward told Plaintiff to go home. Although Plaintiff does not identify whether MACI or

Anchor moved her to different departments upon her return to work, the court surmises that MACI decided in which department to place its temporary workers.

Plaintiff's allegations are sufficient to survive MACI's Rule 12(b)(6) motion. As indicated earlier, the Court will not consider the facts asserted by MACI in its briefs or attached as exhibits which exceed the boundaries of Plaintiff's Complaint. Plaintiff should have the opportunity to conduct discovery and determine whether these factual assertions are correct.

Accordingly,

**IT IS ORDERED** that Defendant Michigan Automotive Compressor, Inc.'s Motion to Dismiss for Failure to State a Claim (ECF No. 18) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 12, 2019